UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD J. HENNINGFELD,<br><br>Plaintiff,<br><br>v.<br><br>DR. PHILIP TIPPEN, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>) No. 1:21-cv-00033-SNLJ<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Donald J. Henningfeld for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $19.90. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed in forma pauperis, plaintiff submitted a copy of his certified inmate account statement. (Docket No. 5). The account statement shows an average monthly deposit of $99.50. The Court will therefore assess an initial partial filing fee of $19.90, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the

2

plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic, and Correctional Center in Bonne Terre, Missouri. At the time relevant to the complaint, however, he was an inmate at the Southeast Correctional Center. Plaintiff brings this action pursuant to 42 U.S.C. § 1983. He names as defendants Dr. Philip Tippen, Nurse Practitioner Nina Hill, Nurse Jackie Merdith, Corizon Health, Inc., Director of Nursing Roxanne Anderson, and Licensed Practical Nurse B. Lizenbee. Defendants are sued in both their official and individual capacities. (Docket No. 1 at 2-7). The complaint generally alleges that defendants have been deliberately indifferent to plaintiff's medical needs.

In his "Statement of Claim," plaintiff asserts that he had four compressed discs "and needed urgent medical care." (Docket No. 1-1 at 2). As a result of these compressed discs, he became unable to walk and was placed in a wheelchair. According to plaintiff, this happened in the year 2008, and is still ongoing in 2021. Due to his condition, plaintiff had to undergo an emergency "operation to get a fusion of [his] compressed [discs]," lest he never walk again.

3

Plaintiff broadly alleges that "[the] defendants [have] personally played a part or done or failed to do" certain things, resulting in deliberate indifference. In particular, he states that they have "[r]efused to give [him] correct medical attention," "[r]efused to [prescribe] medications to fit [his] medical condition," "[r]efused to give [him his] prescribed medications," "[r]efused to provide follow up monitoring of [his] condition and needs," "[r]efused to give [him] a[n] MRI," "[making] false physical assessments of [his] conditions, because of cost," and ignoring his "medical and mental needs." (Docket No. 1-1 at 3). At no point does plaintiff attempt to provide further explanation, or to connect each of these statements to the action of a specific defendant or defendants.

As a result of defendants' alleged deliberate indifference toward his medical needs, plaintiff asserts that he has suffered pain and "mental torment." (Docket No. 1 at 9). He is seeking $10 million in damages.

## Discussion

Plaintiff is a self-represented litigant who brings this civil action under 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. Because plaintiff is proceeding in forma pauperis, the Court reviewed his complaint pursuant to 42 U.S.C. § 1983. Based on that review, and for the reasons discussed below, the Court has determined that plaintiff's case is subject to dismissal. However, the Court will give plaintiff an opportunity to file an amended complaint.

### A. Deficiencies in Complaint

Plaintiff's complaint is deficient in that it fails to state a claim against any of the listed defendants. First, as to Corizon, plaintiff cannot assert liability against Corizon simply because it employed the individual defendants. *See Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) ("A corporation acting under color of state law cannot be liable on a respondeat superior theory").

4

Rather, to support such a claim, plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). *See also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that a corporation acting under color of state law will only be held liable where "there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983"); and *Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent…official policy that inflicts injury actionable under § 1983"). Plaintiff has made no attempt to present facts establishing that he was injured by a Corizon policy, custom, or official action.

Second, as to the official capacity claims against Dr. Tippen, Nurse Practitioner Hill, Nurse Merdith, Director Anderson, and Licensed Practical Nurse Lizenbee, such claims are treated as being against Corizon, which is their employer. *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017) (explaining that in an official capacity claim against an individual, the claim is actually "against the governmental entity itself"); and *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) (explaining that a "suit against a public employee in his or her official capacity is merely a suit against the public employer"). As noted above, however, plaintiff has presented no facts to show that Corizon is liable for a constitutional violation.

Third, with regard to the individual capacity claims, plaintiff has not demonstrated the personal responsibility of defendants Tippen, Hill, Merdith, Anderson, and Lizenbee for harming him. That is, he has not presented facts as to what each defendant did or did not do to harm him or violate his constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) (explaining that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for,

the deprivation of rights"). In point of fact, aside from being listed as defendants, neither Tippen, Hill, Merdith, Anderson, nor Lizenbee are mentioned in the "Statement of Claim." By way of example, plaintiff asserts that he was not given an MRI, yet makes no effort to identify which – if any – of the five defendants actually denied this treatment.

Finally, plaintiff's allegations, such as they are, amount to a series of conclusions, unsupported by any facts. For instance, plaintiff states that he was "[r]efused...prescribed medications to fit [his] medical condition." Yet he does not present any facts to indicate when this happened, who refused the medications, what the medications actually were, what the medications were for, and why the refusal amounted to deliberate indifference. Likewise, plaintiff asserts that certain unnamed defendants "[r]efused to provide follow up monitoring of [his] condition and needs," but does not provide the date this occurred, what kind of monitoring he required, or any explanation as to what his "condition and needs" were. "While the court must accept allegations of fact as true...the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Here, plaintiff has presented nothing but his conclusions as to what took place, which is insufficient to state a claim.

For the reasons discussed above, plaintiff's complaint is deficient and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is a self-represented litigant, however, he will be given the opportunity to file an amended complaint according to the instructions set forth below. **Plaintiff should carefully read the instructions and follow them in drafting his amended complaint.**

## B. Amendment Instructions

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v.*

*Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that 42 U.S.C. § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). For example, it is not sufficient for plaintiff to simply say that he was not given his "prescribed medications." Instead, he must allege facts establishing that he had a current prescription, indicate what that prescription was for, and identify who specifically refused to give those medications to him.

The Court notes that in his complaint, plaintiff sued multiple defendants, but did not provide specific allegations against each individual. If plaintiff is suing multiple defendants in the amended complaint, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

To aid plaintiff, the Court advises him that in structuring his amended complaint, he should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that particular defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant. For example, if plaintiff is suing a doctor or nurse, he

should write that individual's name. Beneath that name, plaintiff should provide factual allegations as to what that doctor or nurse did or did not do to violate his constitutional rights. Those allegations should include *when* the actions took place, *where* they took place, and *how* those actions harmed him.

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Furthermore, the failure to follow these instructions may also result in dismissal. **If plaintiff fails to file an amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.**

C. **Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim...and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."

*Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. As explained above, plaintiff's complaint is subject to dismissal, and he is being ordered to file an amended complaint. Thus, the Court is not convinced that plaintiff has stated a non-frivolous claim, or that plaintiff or the Court will benefit from the assistance of counsel. The Court will entertain future motions for appointment of counsel as the case progresses.

### D. Motion for Substitution of Party

Plaintiff has filed a document with the Court that has been construed as a motion for substitution of party. (Docket No. 4). In the motion, plaintiff states that he learned that the full company name of Corizon is actually Corizon Health, Inc., rather than Corizon Health Care Service L.L.C., and he expresses a desire to correct this mistake. The motion will be denied as moot, as plaintiff is being ordered to file an amended complaint. He will therefore have the opportunity to properly identify Corizon, if he chooses to name them as a defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $19.90 within thirty (30) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that plaintiff's motion for substitution of party (Docket No. 4) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 15th day of July, 2021.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

11