# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD J. HENNINGFELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:21-cv-00033-SNLJ |
| | ) |
| DR. PHILIP TIPPEN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On November 19, 2021, the Court granted plaintiff's motion for an extension of time in which to submit an amended complaint, and gave him an additional thirty days to comply. More than thirty days have elapsed, and plaintiff has not filed an amended complaint as directed. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. On February 26, 2021, he filed a civil action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical needs. (Docket No. 1). Along with the complaint, he filed a motion for leave to proceed in forma pauperis. (Docket No. 2).

The Court granted plaintiff's motion for leave to proceed in forma pauperis on July 15, 2021. (Docket No. 8). Because he was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was deficient and subject to dismissal. Rather than dismissing, however, the Court

directed plaintiff to file an amended complaint within thirty days. He was sent a copy of the Court's prisoner civil rights complaint form, and given instructions on how to fill it out. The Court advised plaintiff that a failure to respond would result in the dismissal of the case without prejudice and without further notice. The amended pleadings were due by August 16, 2021.

On July 26, 2021, plaintiff filed a motion for an extension of time in which to file his amended complaint. (Docket No. 9). In the motion, he sought an additional ninety days to comply. On July 27, 2021, the Court granted the motion, but declined to give plaintiff the entire ninety days that he requested. (Docket No. 10). Instead, the Court ordered plaintiff to submit his amended complaint within forty-five days. He was again advised that his failure to comply would result in the dismissal of this action without prejudice and without further notice. The amended pleadings were due by September 10, 2021.

On September 13, 2021, plaintiff filed a second motion for an extension of time, this time seeking sixty days. (Docket No. 11). In the motion, plaintiff noted that he needed additional time to gather his medical records to prepare his case. The Court granted the motion on September 15, 2021, but declined to give plaintiff sixty days. (Docket No. 12). Rather, the Court directed that plaintiff submit his amended complaint within thirty days. The Court also advised plaintiff that he did not need to provide evidence at this stage in the proceedings, but should fill out the Court-provided form as previously instructed. As before, he was told that his failure to comply would result in the dismissal of this action without prejudice and without further notice. The amended pleadings were due by October 15, 2021.

On the date that his amended complaint was due, plaintiff filed a third motion for an extension of time in which to comply, seeking thirty more days. (Docket No. 14). The Court granted the motion on October 18, 2021, giving plaintiff the requested thirty day extension.

(Docket No. 15). Plaintiff was advised that he if he failed to file his amended complaint within thirty days, the Court would dismiss the action without prejudice and without further notice. The amended pleadings were due by November 17, 2021.

On November 18, 2021, the Court received plaintiff's fourth motion for an extension of time. (Docket No. 16). This time, plaintiff requested only ten days. On November 19, 2021, the Court granted the motion, gave him thirty days to comply, and advised him that a failure to comply would result in the dismissal of this action without prejudice and without further notice. (Docket No. 17). The amended pleadings were due by December 20, 2021.

## Discussion

On November 19, 2021, the Court ordered plaintiff to file an amended complaint within thirty days. The amended complaint was due on or before December 20, 2021. In the Court order, plaintiff was warned that his failure to comply would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has long since expired. Indeed, the Court gave plaintiff far more than thirty days in which to comply. Despite being given substantial additional time, he has not submitted an amended complaint. Furthermore, plaintiff has not – as in the past – sought an extension of time in which to do so. Since November 18, 2021, a period of nearly one-hundred days, the Court has had no further communications from plaintiff.

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996). Rule 41(b) of the Federal Rules of Civil Procedure "provides that a court may dismiss a case for failure to comply with court orders." *In re Reid*, 197 F.3d 318, 320 (8th Cir. 1999). Because plaintiff has not submitted an amended complaint as

3

directed, nor sought an additional extension of time, this action is dismissed for failure to comply with the Court's order of November 19, 2021. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). *See also Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with court order, where plaintiff failed to follow order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of November 19, 2021. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this  28th  day of  February , 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE