UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD J. HENNINGFELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:21-cv-00033 SNLJ |
| | ) |
| DR. PHILIP TIPPEN, et al., | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

This closed matter is before the Court on Plaintiff's letter to the Court dated August 7, 2024, which the Court construes as a motion to reopen. (ECF No. 22). The Court will deny the motion for the reasons below.

Plaintiff filed this action on February 26, 2021. (ECF No. 1). At all times relevant to the complaint, Plaintiff was an inmate at the Southeast Correctional Center ("SECC") in Charleston, Missouri. He alleged in his complaint that various staff at SECC were deliberately indifferent to a serious medical condition involving his spine. On July 15, 2021, the Court issued an order granting Plaintiff's motion to proceed in forma pauperis but explaining that the complaint failed to state a plausible claim to relief. (ECF No. 8). Considering Plaintiff's self-represented status, the Court gave him 30 days to file an amended complaint. Plaintiff then sought and received four extensions of time to file his amended complaint. (ECF Nos. 10, 12, 15, 17). On February 28, 2022, the Court dismissed the action because Plaintiff had not filed an amended complaint and the time to do so had passed. (ECF Nos. 18, 19).

Plaintiff filed the present motion on August 15, 2024—33 months after the Court granted his final motion for extension of time. He seeks to "reinstate" his lawsuit. He alleges he was unable to comply with the Court's orders because prison staff were tampering with his mail. He also seeks a refund of his $419.90 filing fee.

Plaintiff does not cite a particular legal standard or rule for the relief sought. Rule 60(b) of the Federal Rules of Civil Procedure permits the Court to "relieve a party . . . from a final judgment, order, or proceeding" for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003) (quoted case omitted).

Having reviewed the motion, the Court finds there is no basis for relief under Rule 60(b). Nearly three years have passed since the Court granted Plaintiff's last motion for

extension of time. Plaintiff's conclusory allegations are insufficient to excuse such a delay. Thus, the Court will deny the motion. The Court notes, however, that nothing in this Order prohibits Plaintiff from filing a new action under 42 U.S.C. § 1983.

Additionally, Plaintiff's request for a refund of the filing fee will be denied. He bases this request on the dismissal of his case. Under the Prison Litigation Reform Act, the filing fee is incurred at the time a prisoner files a civil action or appeal. *In re Tyler*, 110 F.3d 528, 529.30 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to reopen (ECF No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for reimbursement of the filing fee is **DENIED**.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Dated this 22nd day of August, 2024.